# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

In Re:  Samuel Winegardner Dahlke and
Lisa Song Dahlke

Case No. 10-19492-RGM
Chapter 13

Samuel Winegardner Dahlke and
Lisa Song Dahlke
    Plaintiffs

v.

Adversary Case No. 11-01337-RGM

OneWest Bank, FSB and Mortgage
Electronic Registration Systems, Inc.

    Defendants

## ANSWER TO COMPLAINT TO DETERMINE SECURED
## STATUS AND EXTENT OF LIEN
### Real Property located at 54 Kincaid Lane, Stafford, VA

Comes now the defendants, OneWest Bank, FSB and Mortgage Electronic Registration Systems, Inc., through counsel, in response to the Complaint to Determine Secured Status and Extent of Lien on 54 Kincaid Lane, Stafford, VA, filed by the Plaintiffs', and states as follows:

1. Defendants admit that this honorable has jurisdiction over this complaint.

2. Defendants admit that this is a core proceeding.

3. Defendants admit that venue is proper before this Court.

4. Defendants admit that the Plaintiffs herein filed a petition for relief under chapter 13 of the bankruptcy code on or about November 8, 2010.

5. Defendants admit that the complaint is captioned and contains allegations which seek to determine the validity and extent of a lien.

6. The allegations contained in Paragraph 6 of the complaint are admitted to the extent that the document attached as Exhibit A appears to be a deed which includes the information stated in Paragraph 6.

7. Defendants deny the allegations contained in Paragraph 7 and contends that the information contained Plaintiff's Exhibit B does not represent a true and accurate characterization of the fair market value of the property at issue, and reserve the

       right to present further evidence as to the true fair market value of the property.

8. The allegations contained in Paragraph 8 of the complaint are admitted.

9. The allegations contained in Paragraph 9 of the complaint are admitted to the extent that OneWest Bank, FSB, is the servicer of a Deed of Trust for the property which is in first lien position.

10. The allegations contained in Paragraph 10 of the complaint are admitted to the extent that the document attached as Exhibit C appears to be a deed which includes the information stated in Paragraph 10.

11. The allegations contained in Paragraph 11 are admitted to the extent that they contain an approximate valuation of the first lien, Defendants reserve the right to present more evidence as to the exact payoff figure at a later date.

12. The allegations contained in Paragraph 12 of the complaint are admitted to the extent that OneWest Bank, FSB, is the servicer of a Deed of Trust for the property which is in second lien position.

13. The allegations contained in Paragraph 13 of the complaint are admitted to the extent that the document attached as Exhibit D appears to be a deed which includes the information stated in Paragraph 13.

14. The allegations contained in Paragraph 14 are admitted to the extent that they contain an approximate valuation of the second lien, Defendants reserve the right to present more evidence as to the exact payoff figure at a later date.

15. The allegations of Paragraph 15 are denied to the extent that the value of the property is misstated. Defendants allege that the fair market value of the property exceeds the amount owed on the first lien.

16. The allegations contained in Paragraph 16 constitute a legal conclusion which can neither be admitted or denied, to the extent that this Paragraph calls for a response from Defendants, denied.

17. The allegations contained in Paragraph 17 are admitted to the extend that the Plaintiffs have filed a chapter 13 plan, the remainder of the allegations contained in Paragraph 17 constitute a legal conclusion which can neither be admitted or denied, to the extent that this Paragraph calls for a response from Defendants, denied.

18. The allegations contained in Paragraph 18 constitute a legal conclusion which can

neither be admitted or denied, to the extent that this Paragraph calls for a response from Defendants, denied.

19. The allegations contained in Paragraph 19 constitute a legal conclusion which can neither be admitted or denied, to the extent that Paragraph 19 indicates that a the lien at issue is wholly unsecured, denied.

20. The allegations contained in Paragraph 20 are admitted to the extent that the Chapter 13 plan of reorganization speaks for itself.

21. Defendants reserve the right to file any additional memorandum in support of the statements contained herein or in response to any supplemental filings by the Plaintiffs.

Respectfully submitted:

/s/Abby K. Moynihan, Esq.
Attorney for OneWest Bank, FSB. and
Mortgage Electronic Registration Systems, Inc.
McCabe, Weisberg & Conway, LLC.
8101 Sandy Spring Road, Ste. 100
Laurel, MD 20707
301-490-1196
Bar No. 79686

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, on July 28, 2011, to Martin C. Conway, Esq., Attorney for Samuel Winegardner Dahlke and Lisa Song Dahlke at 7926 Jones Branch Drive, Suite 930, McLean, VA 22102. Copies were sent electronically via the CM/ECF system to Martin C. Conway, Esq., Attorney for Debtors and Thomas P. Gorman, Esq., Trustee.

/s/ Abby K. Moynihan, Esq.